CHIN, J., Concurring.
I concur. The People proved that the blue pills defendant sold to the undercover police officer contained 3,4-methylene-dioxymethamphetamine (MDMA), commonly known as Ecstasy, but it failed to prove that MDMA is a controlled substance. Accordingly, defendant’s convictions of selling and possessing a controlled substance cannot stand.
It appears that MDMA is a controlled substance, specifically, that it is either an analog of, or contains, a controlled substance, either amphetamine or methamphetamine. (People v. Becker (2010) 183 Cal.App.4th 1151, 1155-1156 [107 Cal.Rptr.3d 856]; People v. Silver (1991) 230 Cal.App.3d 389, 392-396 [281 Cal.Rptr. 354]; see maj. opn., ante, at pp. 358-359.) But this is so as a matter of fact, not as a matter of law. Whether MDMA is a controlled substance is not a fact a court or jury can judicially notice. Here, the prosecution elicited from the expert that the substance contained MDMA, but it neglected to establish further that MDMA is either an analog of or contains either amphetamine or methamphetamine.
Assuming, as the Becker and Silver cases indicate, MDMA is a controlled substance, it is unfortunate that the prosecution has to prove this fact again and again in every prosecution for possessing or selling it. This problem no longer exists under federal law, because federal law specifically defines MDMA as a controlled substance. (See U.S. v. Carlson (11th Cir. 1996) 87 F.3d 440, 444-445; U.S. v. Raymer (10th Cir. 1991) 941 F.2d 1031, 1045-1046.) If *363 the Legislature wishes to do so, it can easily follow the federal example by specifically providing that MDMA is a controlled substance.
In the meantime, trial courts will have to be careful to correctly instruct the jury that, as an element of the crime, it has to determine whether MDMA is a controlled substance. The court can easily do this by defining what is a controlled substance, and a controlled substance analog, for those substances, such as MDMA, that are not specifically enumerated in the relevant statutes. (See maj. opn., ante, at p. 357, fn. 2.) Moreover, it should be fairly easy to prove that MDMA is a controlled substance, although the prosecutor did not do so in this case. Presumably, most witnesses with sufficient expertise to testify that a substance contains MDMA would have sufficient expertise to testify additionally that MDMA is either an analog of or contains amphetamine or methamphetamine. But, unless and until the Legislature acts, prosecutors will have to elicit that additional testimony, and juries will have to make that determination.